POOL v. PAUL.

Practice: AUXILIARY INJUNCTION: METHOD OF TRIAL. The filing of a bill in equity for, and the granting of, an injunction which is merely auxiliary to a proceeding at law in which every issue presented can be tried, does not change the proceeding or the method of trial from law to equity.

*Appeal from Des Moines District Court.*

MONDAY, DECEMBER 16.

ON the 18th of April, 1861, plaintiff brought his action against James F. Paul, asking an attachment. The writ issued and was served upon the officers of the Burlington branch of the State bank, as garnishees. He on the same day filed his petition, setting forth that the defendant had deposited a certain amount of money with the said bank in the name of his wife; that this money had been attached by the garnishee proceedings aforesaid; that it belonged to the defendant; that the bank officers, unless restrained, would probably pay it over, and asking an injunction, etc. The injunction was granted and writ issued.

In May, 1861, the wife, Caroline, filed her petition as intervener, claiming the money in her own right, setting forth the facts upon which she based said claim. The husband filed his affidavit denying any right to the

money, and in support of the petition of the wife. They then moved to dissolve the injunction, but the motion was overruled. After this, plaintiff took issue on the facts stated in the intervener's petition. The wife also entered into bond, with sufficient sureties, conditioned to pay to plaintiff the amount of money held by the bank, if the court should determine that it belonged to the husband. Upon the execution of this bond, as required by the court, the bank was authorized to pay the money over, etc.

Thus the matter rested until in July, 1867, when the bank officers answered, and the record entitling the case

---

|  |  |
|---|---|
| R. D. Pool<br>*v.*<br>James F. and Caroline Paul. | *Ordinary equitable proceeding.* |

---

recites: "that it came on for hearing upon the question of the ownership of the money so deposited in the bank. The plaintiff appeared by his attorney, the defendants making no appearance, neither by themselves nor by counsel, the attorney of record for said defendants having withdrawn from said cause." It further recites that the testimony being introduced, and the court fully advised, finds that the money was in fact the property of the husband.

From this order the intervener, Caroline, appeals.

*J. C. & B. J. Hall* for the appellants.

*Tracy & Newman* for the appellees.

Wright, J.— The argument made, is, that this was an equitable proceeding, that it could not be heard upon other than written evidence, in the absence of consent as contemplated by section 3001, this being so and the record not disclosing

PRACTICE:
auxiliary
injunction:
method of
trial.

Pool v. Paul.

any evidence, this court hearing the case *de novo*, can do no more than the court below should have done, dismiss the intervener's petition *without prejudice.*

The appellant's argument is defective in assuming that this was an equitable proceeding, or that the injunction was asked and obtained as an independent means of relief, or that this was the basis of plaintiff's cause of action. The record discloses that the injunction was only necessary to prevent the garnishees from paying over this money, and that every issue made or presented, could be and was to be tried in the law action, to which the injunction was but auxiliary. The prayer for the injunction asked no relief as against the wife. On her own motion she was allowed to intervene as was her right under section 3237 of the Revision. For this declares, that any person other than the defendant may, before the payment to the plaintiff of any attached debt, present his petition, verified, etc., stating a claim to the money, setting forth the facts upon which the claim is founded, and this claim shall be investigated in a summary manner. The court may hear the proof, or order a reference, or impanel a jury to inquire into the facts, and we need not say that a person can thus intervene in an ordinary as well as an equitable proceeding. The wife could, therefore, have intervened, and did, in fact, intervene in the law action, to which the injunction, as already stated, was but auxiliary; this being so, it follows, that we cannot say that there was any error in the order made by the court below. It was competent to investigate the claim to the money in a summary manner, and the correctness of the conclusions reached, we cannot undertake to review without the testimony. This conclusion too is more apparent when it is remembered that appellant abandoned her claim, and thus, after entering a voluntary appearance, virtually admitted all that plaintiff asked by his attach-

ment. As somewhat applicable see *White* v. *Kelley*, present term.

Affirmed.